# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **KATHY DUVAL**<br>3124 Corduroy Road, Apt 15<br>Oregon, Ohio 43616<br><br>    Plaintiff,<br>v.<br><br>**CAVALRY PORTFOLIO SERVICES, LLC**<br>c/o CT Corporation System<br>111 Eighth Avenue<br>New York, New York 10011,<br><br>    Defendant. | Case No:  3:13-cv-438<br><br>JURY DEMAND REQUESTED<br><br>**CIVIL COMPLAINT**<br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

PLAINTIFF, Kathy Duval (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT, Cavalry Portfolio Services, LLC (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in the City of Oregon, Lucas County, Ohio, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a New York Limited Liability Company and debt collector with an office in Valhalla, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. In or around March and/or April 2012, Defendant contacted the Plaintiff at her phone number of (260) 243-2026, seeking to collect an alleged consumer debt. Upon information and belief, Defendant is seeking to collect a debt originally held by Chrysler Financial and that was incurred for personal, family, or household purposes.

11. Defendant failed to disclose its business identity or the purpose of its calls when Plaintiff, after having confirmed her indentity, specifically requested that Defendant provide that information.

12. Defendant failed within 5 days of its initial contact with Plaintiff to mail the Plaintiff a written notice providing her verification and validation of the debt, and an opportunity to dispute the debt, as was lawfully required.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

13. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Defendant violated *§1692d(6)* by placing telephone calls without meaningful disclosure of the caller's identity.

    c. Defendant violated *§1692e(10)* by the use of any false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

    d. Defendant violated *§1692g(a)* by failing within five days of the initial communication with the consumer to send the consumer a written notice stating (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, Kathy Duval, respectfully requests judgment be entered against Defendant, for the following:

14. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

15. Actual damages pursuant to *15 U.S.C. 1692k(a)(1).*

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Kathy Duval, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ J. Daniel Scharville*

**J. DANIEL SCHARVILLE (0071132)**
dscharville@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff